## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Michael A. Hammer |
| v. | : | Mag. No. 20-10426 |
| MICHELE DEARAUJO | : | **Criminal Complaint** |

I, Brendan Nally, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Postal Inspector with the United States Postal Inspection Service, and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

continued on the attached pages and made a part hereof.

_____
Postal Inspector Brendan Nally
United States Postal Inspection Service

Postal Inspector Nally attested to this Complaint by telephone pursuant to FRCP 4.1(b)(2)(A) on the 3rd day of December, 2020.

Honorable Michael A. Hammer
United States Magistrate Judge

_____
Signature of Judicial Officer

## ATTACHMENT A

### COUNT ONE
(Possession of Stolen Mail)

In or around November 2020, in the District of New Jersey and elsewhere, the defendant,

MICHELE DEARAUJO

did unlawfully have in her possession any letter, postal card, package, bag, and mail, and an article contained therein ("mail matter"), which had been stolen, taken, embezzled, and abstracted from a mail receptacle, which was an authorized depository for mail matter, knowing said mail matter to have been stolen, taken, embezzled, and abstracted from an authorized depository for mail matter.

In violation of Title 18, United States Code, Sections 1708 and 2.

## ATTACHMENT B

I, Brendan Nally, am a Postal Inspector with the United States Postal Inspection Service. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. On or about November 20, 2020 in the early hours, law enforcement observed Michele Dearajuo ("DEARAUJO") parked outside a residence (the "Residence") in Hunterdon County in the District of New Jersey. She was parked in the wrong direction on the street.

2. Law enforcement approached DEARAUJO and asked her what she was doing. She initially told law enforcement that she was delivering flyers to mailboxes. However, she also provided law enforcement with mail that belonged to the Residence and was unable to explain why she had the mail. She then admitted that she took the mail from the Residence's mailbox. Law enforcement arrested DEARAUJO and conducted an automobile search of her car. Upon searching the car, law enforcement recovered mail from several residences in Hunterdon and Somerset Counties in New Jersey.

3. That same day, after being advised of her <u>Miranda</u> rights, DEARAUJO, who was deported from the United States on or about October 17, 2019 after being arrested and convicted for similar conduct, gave a recoded interview. During that interview, she admitted to stealing mail from residences in several towns in New Jersey over the course of approximately one month.

4. Moreover, law enforcement has learned that on or about October 14, 2020, a mailbox in Hunterdon County was tampered with in the early morning, consistent with DEARAUJO's pattern of behavior. The victim had been expecting replacement credit cards to be delivered by mail. Subsequently, the victim learned that the victim's credit card had been fraudulently used to purchase merchandise worth hundreds of dollars. More importantly, those items were to be shipped to DEARAUJO at her address.